PROB 12C  
(06/17)

March 7, 2023  
pacts id: 5995361

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Arturo Gonzalez (English)  **Dkt. No.:** 19CR02061-001-JM

**Reg. No.:** 85208-298

**Name of Sentencing Judicial Officer:** The Honorable Jeffrey T. Miller, Senior U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class A felony

**Date of Revocation Sentence:** June 30, 2021

**Sentence:** Two months' custody, 34 months' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release       **Date Supervision Commenced:** July 30, 2021

**Asst. U.S. Atty.:** A. Dale Blankenship       **Defense Counsel:** Keith H. Rutman (Appointed) 619-237-9072

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than 8 drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)* | 1. On January 21, 2023, Arturo Gonzalez used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on February 15, 2023.<br><br>2. On February 10, 2023, Arturo Gonzalez used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on February 15, 2023.<br><br>3. On February 20, 2023, Arturo Gonzalez used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on March 1, 2023.<br><br>4. On February 25, 2023, Arturo Gonzalez used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on March 1, 2023. |

***Grounds for Revocation:*** As to Allegations 1 and 2, Mr. Gonzalez reported to the probation office on January 26, 2023, and submitted a urine sample that screened positive for amphetamines. Prior to the submission of the drug test, the offender reported using diet pills and he denied any use of illegal drugs. After the undersigned received the test results, the specimen was sent to the national laboratory for confirmation. On February 8, 2023, the undersigned received results from the national laboratory confirming positive test results for amphetamine and methamphetamine. On February 15, 2023, the undersigned met with Mr. Gonzalez, and he admitted to using methamphetamine on January 21, 2023, and February 10, 2023, and he signed a written admission acknowledging his use.

As to Allegations 3 and 4, Mr. Gonzalez reported to the probation office on February 21, 22, and 24, 2023, and submitted urine sample that screened positive for amphetamines. On March 1, 2023, the undersigned spoke with Mr. Gonzalez telephonically and he admitted he used methamphetamine on February 20, and 25, 2023.

| **(Standard Condition)** After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. | 5. On February 28, 2023, Arturo Gonzalez failed to report to the U.S. Probation Office, as directed. |

The defendant must follow the instructions of the probation officer related to the conditions of supervision.

**_Grounds for Revocation:_** As to Allegation 5, on August 6, 2021, the Judgment and Commitment Order was reviewed with Mr. Gonzalez, and he acknowledged an understanding to the conditions of supervision by signing the form and he was afforded a copy of such. On February 15, 2023, Mr. Gonzalez was instructed to report to the U.S. Probation Office on February 28, 2023. The defendant failed to report as directed. The undersigned contacted Mr. Gonzalez on March 1, 2023, and he said he forgot about his appointment.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

This is Mr. Gonzalez's second term of supervised release. He has a long history of substance abuse. During this term of supervision, he initially admitted to using diazepam and methamphetamine. He then entered and completed an inpatient substance abuse treatment program through Grupo Nosotros Recovery Home. Following completion of this program, he transitioned to a sober living home, he was placed in formal drug testing program through the U.S. Probation Office, and he attended an outpatient substance treatment program through Family Health Centers. Given his compliance with the formal drug testing program and his submission of negative tests, thereafter, he was subject to random drug testing.

In March 2022, Mr. Gonzalez lost funding for the sober living home, and he returned to his residence in Tijuana, B.C., Mexico. In June 2022, Mr. Gonzalez ceased employment and he has not secured employment in the United States since that time. Although Mr. Gonzalez appeared to have a period of sobriety, it is evident by the information in this petition that Mr. Gonzalez continues to struggle with substance abuse.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Gonzalez is 42 years-old and he currently resides in Tijuana, B.C., Mexico. The offender is single, and he is currently unemployed. He previously was employed for a car cleaning service in San Diego. He reported he suffers from a hernia that may require surgery and he reports he is unable to work because of this. Mr. Gonzalez has prior felony convictions for possession of marijuana for sale and a misdemeanor conviction for being under the influence of a controlled substance. The offender reported a history of marijuana, cocaine, heroin, and methamphetamine use, which he continues to struggle to address and control.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

PROB12(C)
Name of Offender: Arturo Gonzalez                                                    March 7, 2023
Docket No.: 19CR02061-001-JM                                                              Page 4

**USSG Provisions**: The allegations (failure to refrain from the use of illegal drugs and failure to report as directed) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category II (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of five years. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

**REIMPOSITION OF SUPERVISED RELEASE**

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

**JUSTIFICATION FOR BENCH WARRANT**

A no-bail bench warrant is recommended given Mr. Gonzalez' continued use of methamphetamine, which poses a risk to himself and others in the community.

PROB12(C)

| | |
|---|---|
| Name of Offender: Arturo Gonzalez | March 7, 2023 |
| Docket No.: 19CR02061-001-JM | Page 5 |

## RECOMMENDATION/JUSTIFICATION

Mr. Gonzalez appears before Your Honor as he continues to violate the Court's trust. As noted, this is the offenders second term of supervised release, and despite receiving rehabilitative services, he continues to struggle with substance abuse. Should the offender be found in violation of his conditions of supervised release, it is respectfully recommended that supervision be revoked, and Mr. Gonzalez be sentenced to six months in custody followed by two years of supervised release under the same terms and conditions as previously ordered. This sentence will hold Mr. Gonzalez accountable for his breach of the Court's trust and offer him the opportunity to received rehabilitative services to address his treatment needs upon his release from custody.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 7, 2023

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by *(signature)*

Josh Okada
U.S. Probation Officer
(619) 446-3688

Reviewed and approved:

*(signature)*

Ymelda E. Valenzuela
Supervisory U.S. Probation Officer

CLK

PROB12CW                                                                                    March 7, 2023

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** GONZALEZ, Arturo

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 19CR02061-001-JM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Failure to refrain from the use of illegal drugs | C |
| Failure to report to the probation officer as directed | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                    [    C    ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                          [    II   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                              [  4 to 10 months  ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____     Community Confinement _____

    Fine($) _____            Home Detention _____

    Other _____              Intermittent Confinement _____

PROB12(C)
Name of Offender: Arturo Gonzalez                                      March 7, 2023
Docket No.: 19CR02061-001-JM                                                   Page 7

**THE COURT ORDERS:**

__X__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____

_____


_/s/ Jeffrey T. Miller_____                    __March 7, 2023_____
The Honorable Jeffrey T. Miller                                 Date
Senior U.S. District Judge