PROB 12C  
(06/17)

September 6, 2023  
pacts id: 5995361

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Arturo Gonzalez (English)  **Dkt. No.:** 19CR02061-001-JM

**Reg. No.:** 85208-298

**Name of Sentencing Judicial Officer:** The Honorable Jeffrey T. Miller, Senior U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class A felony

**Date of Revocation Sentence:** May 15, 2023

**Sentence:** Four (4) months' custody, two (2) years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** July 7, 2023

**Asst. U.S. Atty.:** A. Dale Blankenship   **Defense Counsel:** Keith H. Rutman (Appointed) 619-237-9072

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

| | |
|---|---|
| Name of Offender: Arturo Gonzalez | September 6, 2023 |
| Docket No.: 19CR02061-001-JM | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION(S)**

**(Mandatory Condition)**
The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

The defendant must follow the instructions of the probation officer related to the conditions of supervision.

**ALLEGATION(S) OF NONCOMPLIANCE**

1. On or about July 7, 2023, Arturo Gonzalez used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on July 26, 2023.

2. On or about July 18, 2023, Arturo Gonzalez used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on July 26, 2023.

3. On or about August 7, 2023, Arturo Gonzalez used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office on August 7, 2023, which confirmed positive for amphetamine and methamphetamine.

4. On or about August 16, 2023, Arturo Gonzalez failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at the United States Probation Office.

*Grounds for Revocation:* As to Allegation 1, Mr. Gonzalez reported to the probation office on July 10, 2023, and submitted a urine specimen that screened positive for amphetamines. When informed of the positive drug screen on July 26, 2023, Mr. Gonzalez admitted to the probation officer to using methamphetamine on July 7, 2023, and he signed a written admission acknowledging his use of the substance.

As to Allegation 2, on July 26, 2023, Mr. Gonzalez reported to the probation officer and admitted to using methamphetamine on July 18, 2023, and he signed a written admission acknowledging his use.

As to Allegation 3, I received and reviewed the written laboratory notification from Alere Toxicology Services, which verifies the urine specimen provided by Mr. Gonzalez on August 7, 2023, confirmed positive for amphetamine and methamphetamine.

As to Allegation 4, I have received and reviewed the Chain of Custody for Drug Analysis forms, which confirms than on the above date Mr. Gonzalez failed to submit a urine sample, as required. On August 1, 2023, the probation officer reviewed the written instructions for drug testing with Mr. Gonzalez, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Gonzalez was instructed to call the drug testing line daily and report for testing when required in the automated testing line recording.

**(Standard Condition)**
After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

The defendant must follow the instructions of the probation officer related to the conditions of supervision.

5. On August 11, 2023, Arturo Gonzalez failed to report to the U.S. Probation Office, as directed.

*Grounds for Revocation:* As to Allegation 5, on July 26, 2023, the Judgment and Commitment Order was reviewed with Mr. Gonzalez, and he acknowledged an understanding to the conditions of supervision by signing the form and he was afforded a copy of such. On August 1, 2023, Mr. Gonzalez was instructed to report to the U.S. Probation Office on August 11, 2023. The defendant failed to report as directed. Attempts to contact Mr. Gonzalez have been unsuccessful.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

As the Court is aware this is Mr. Gonzalez's third term of supervised release that began on July 7, 2023. As noted above, Mr. Gonzalez reported using methamphetamine following his release from custody. In addition, as outlined in this petition, he continued to use methamphetamine and violated the orders of the court. Along with the drug use and failure to comply with drug testing requirements, Mr. Gonzalez failed to report to the U.S. Probation Office on August 11, 2023, as directed. Mr. Gonzalez has served less than two months of his supervised release term and as noted above he has incurred numerous violations during this time. It should be noted that Mr. Gonzalez entered the Nosotros inpatient drug treatment program on August 21, 2023. However, as noted previously his violation conduct within this short period of time is concerning and his adjustment to supervision is deemed poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Gonzalez enrolled in the Nostros inpatient drug treatment program on August 21, 2023. The offender is single, and he is unemployed. Mr. Gonzalez has prior felony convictions for possession of marijuana for sale and a misdemeanor conviction for being under the influence of a controlled substance. The offender reported a history of marijuana, cocaine, heroin, and methamphetamine use. As noted in this petition, he continues to struggle with substance abuse issues.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

PROB12(C)
Name of Offender: Arturo Gonzalez                                                                September 6, 2023
Docket No.: 19CR02061-001-JM                                                                             Page 4

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (failure to refrain from the use of illegal drugs, failure to report to the probation officer as directed, and failure to drug test) constitute Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category II (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure … an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of five years. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

A no-bail bench warrant is recommended given Mr. Gonzalez' continued use of methamphetamine, which poses a risk to himself and others in the community.

PROB12(C)

| | |
|---|---|
| Name of Offender: Arturo Gonzalez | September 6, 2023 |
| Docket No.: 19CR02061-001-JM | Page 5 |

**RECOMMENDATION/JUSTIFICATION**

Mr. Gonzalez appears before Your Honor as he continues to violate the Court's trust. As noted, this is Mr. Gonzalez's third term of supervised release in this matter, and he has numerous violations, including failing to make himself available for supervision, after serving less than two months of his term. It is noted he entered the Nosotros inpatient drug treatment program on August 21, 2023; however, his lack of compliance for the Court's orders at the start of supervision is very concerning. Should the allegations be sustained, it is recommended that supervision be revoked, and he be sentenced to 10 months' custody. Mr. Gonzalez has utilized various resources during his previous terms of supervised release, and they appear to have had little impact on his ability to comply. This term of supervised release appears no different. As such no term of supervised release is recommended to follow any term of custody.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  September 6, 2023**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by  _[signature]_
Josh Okada
U.S. Probation Officer
(619) 446-3688

Reviewed and approved:

_[signature]_
Ymelda E. Valenzuela
Supervisory U.S. Probation Officer

PROB12CW                                                                                      September 6, 2023

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Gonzalez, Arturo

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 19CR02061-001-JM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| failure to refrain from the use of illegal drugs | C |
| failure to report to the probation officer as directed | C |
| failure to drug test | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                       [    C    ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                              [    II    ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                   [  4 to 10 months  ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____     Community Confinement _____
    Fine($) _____             Home Detention _____
    Other _____               Intermittent Confinement _____

PROB12(C)

| | |
|---|---|
| Name of Offender: Arturo Gonzalez | September 6, 2023 |
| Docket No.: 19CR02061-001-JM | Page 7 |

**THE COURT ORDERS:**

__X__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____

_____

_____  September 7, 2023
The Honorable Jeffrey T. Miller                    Date
Senior U.S. District Judge

eh/clk